UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA LIVIER GUTIERREZ,<br><br>　　　　　Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Civil Case No. 08cv1078 JAH<br>Criminal Case No. 06cr2151 JAH<br><br>**ORDER DENYING MOTION TO MODIFY SENTENCE [DOC. # 34]**<br><br>[18 U.S.C. § 3582] |

### INTRODUCTION

Petitioner Veronica Livier Gutierrez ("petitioner"), appearing *pro se*, has filed a motion to modify her sentence pursuant to 18 U.S.C. § 3582. The motion has been fully briefed by the parties. After a thorough review of the record, the submissions of the parties along with supporting exhibits, and for the reasons set forth below, this Court hereby **DENIES** petitioner's motion.

### BACKGROUND

On November 9, 2006, petitioner plead guilty, pursuant to a plea agreement, to a two count information charging petitioner with importation of cocaine in violation of Title 21, United States Code, Sections 952 and 960, and bulk cash smuggling in violation of Title 31, United States Code, Section 5332(a), before this Court. *See* Docs. # 11, 17, 19. On March 2, 2007, petitioner was sentenced to forty-one (41) months imprisonment. *See* Docs. # 26, 27. Petitioner filed the instant motion to modify her sentence pursuant

to 18 U.S.C. § 3582[1] on June 16, 2008.  Doc. # 34.  Respondent filed its response on July 24, 2008.  Doc. # 37.  Petitioner did not file a traverse.

## DISCUSSION

Petitioner, by way of the instant motion, seeks a reduction in the sentence imposed upon her.  Respondent contends the instant motion should be dismissed because petitioner waived her right to appeal and to collaterally attack her conviction and sentence.  In addition, respondent contends that the provisions of Section 3582 do not apply to petitioner.

As part of her plea agreement, petitioner waived both the right to appeal and the right to collaterally attack the conviction and sentence.  *See* Doc. # 19 at 13.  A knowing and voluntary waiver of a statutory right is enforceable.  United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990).  Petitioner's motion under Section 3582 is a collateral attack on her sentence and, thus, is barred by the terms of her plea agreement absent a challenge to the voluntariness of the plea.  *See* United States v. Johnson, 2007 WL 4208313 *1 (N.D.Cal.); Morales v. United States, 2007 WL 2812182 *1 (S.D.Cal.).

The scope of a waiver of collateral attack may be subject to potential limitations.  For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made.  Navarro-Botello, 912 F.2d at 321.  Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law.  Id.; United States v. Littlefield, 105 F.3d 527, 528 (9th Cir. 1996).  In addition, a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing collateral proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of the waiver.  Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005); Abarca, 985 F.2d at 1014; *see also* United States v. Pruitt, 32 F.3d 431, 433 (9th Cir.

---

[1] On November 20, 2007, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate, modify or correct her sentence, which has been fully briefed by the parties.  *See* Docs. # 28, 32, 33.  That petition will be addressed by separate order.

1  1992).

2    Although petitioner presents no challenge to the voluntariness of her plea or waiver
3  here, this Court has conducted an independent review of the record, and finds that the
4  plea agreement, including the waiver of the right to appeal and collateral attack, was
5  entered knowingly and voluntarily.  It is undisputed that the plea agreement contains a
6  waiver of collateral attack.  The plea agreement explicitly states:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

11 Doc. # 19 at 13.  The plea agreement also contains a provision certifying that petitioner
12 read the agreement, discussed it with her attorney, and fully understood its meaning and
13 effect.  Id. at 14.  Additionally, at the sentencing hearing, petitioner indicated that she
14 waived her right to appeal or collaterally attack the conviction. *See* Doc. # 26; Doc. # 37-
15 2, Exh. A at 6, 10-13, 18.  This Court finds, based on a careful review of the record
16 presented, that petitioner's guilty plea, which included a waiver of the right to collaterally
17 attack her conviction and sentence, was entered knowingly and voluntarily.

18   Furthermore, the 41 month sentence imposed by the Court was in accordance with
19 the plea agreement and does not violate the law.  The plea agreement specifically stated
20 petitioner waived her right to appeal or collaterally attack her sentence unless the Court
21 imposed a sentence greater than the high end of the guideline range.  Petitioner was
22 sentenced to the low end of the guideline range, calculated as between 41 and 51 months.
23 *See* Doc. # 37-2, Exh. C at 5.  Lastly, petitioner does not present a challenge, in this
24 motion, based on allegations that she was afforded ineffective assistance of counsel during
25 plea negotiations that might affect the voluntariness of her waiver. *See* Lampert, 422 F.3d
26 at 871. Thus, this Court finds that none of the recognized limitations to petitioner's
27 waiver of the right to bring a collateral attack on her sentence are present in this case.
28 Accordingly, the collateral attack waiver provision in petitioner's plea agreement will be

1 enforced.

2 Even if petitioner's waiver did not foreclose the instant motion, this Court agrees with respondent that Section 3582 provides no authority for modification of petitioner's sentence.  Section 3582 allows the Court to modify a sentence imposed under certain circumstances:  (1) upon a motion by the Director of the Bureau of Prisons; (2) based on any reason permitted expressly by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) when the sentence imposed has subsequently been lowered by the sentencing commission.   18 U.S.C. § 3582(c).  Despite petitioner's claim that <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), "effectively lowered petitioner's guideline range" from 96 to 63 months, this Court finds no support for this claim in the record or through its own independent research.[2]  Therefore, petitioner's motion must be denied.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that petitioner's motion to reduce her sentence [doc. # 34] is **DENIED.**

Dated:      February 6, 2009

JOHN A. HOUSTON
United States District Judge

---

[2] In fact, petitioner appears to concede this point, noting that "[a]lthough § 3582 seems to permit a re-sentencing only when the Sentencing Commission reduces a particular sentencing range, given the history and purpose of the [statute] and the dramatic alteration of the sentencing landscape after Booker, this Court should interpret the statute broadly to allow relief in this case."  Doc. # 34 at 5.