1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

VERONICA LIVIER GUTIERREZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

)
)
)
)
)
)
)
)
)
)
)

Civil Case No. 07cv2228 JAH
Criminal Case No. 06cr2151 JAH

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [DOC. # 28]**

[28 U.S.C. § 2255]

15

**INTRODUCTION**

16      Petitioner Veronica Livier Gutierrez ("petitioner"), appearing *pro se*, has filed a

17  motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255.  The

18  motion has been fully briefed by the parties.  After a thorough review of the record, the

19  submissions of the parties along with supporting exhibits, and for the reasons set forth

20  below, this Court hereby **DENIES** petitioner's motion.

21

**BACKGROUND**

22      On November 9, 2006, petitioner plead guilty, pursuant to a plea agreement, to a

23  two count information charging petitioner with importation of cocaine in violation of

24  Title 21, United States Code, Sections 952 and 960, and bulk cash smuggling in violation

25  of Title 31, United States Code, Section 5332(a),  before this Court.  *See* Docs. # 11, 17,

26  19.  On March 2, 2007, petitioner was sentenced to forty-one (41) months imprisonment.

27  *See* Docs. # 26, 27.  Petitioner filed the instant motion to vacate or correct her sentence

28  pursuant to 28 U.S.C. § 2255 on November 20, 2007.  Doc. # 28.  Respondent filed its

1  response on February 28, 2008.  Doc. # 32.  On April 3, 2008, petitioner filed her
2  traverse.[1]  Doc. # 33.

3  **DISCUSSION**

4  Petitioner, by way of the instant motion, seeks a reduction in the sentence imposed.
5  Specifically, petitioner seeks a sentence reduction based upon (1) allegations of ineffective
6  assistance of counsel after entering her guilty plea; (2) denial of her right to appeal; (3)
7  violation of Rule 32 of the Federal Rules of Criminal Procedure; and (4) violation of her
8  constitutional rights.  Respondent contends the instant motion should be dismissed
9  because petitioner waived her right to appeal and to collaterally attack her conviction and
10  sentence.

11  As part of her plea agreement, petitioner waived both the right to appeal and the
12  right to collaterally attack the conviction and sentence.  *See* Doc. # 19 at 13.  A knowing
13  and voluntary waiver of a statutory right is enforceable.  United States v. Navarro-Botello,
14  912 F.2d 318, 321 (9th Cir. 1990).  The right to collaterally attack a sentence under
15  Section 2255 is statutory in nature, and a defendant may therefore waive the right to file
16  a Section 2255 petition.  *See*, *e.g.*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.
17  1993) (by entering plea agreement and waiving right to appeal sentencing issues,
18  defendant relinquished his right to seek collateral relief from his sentence on the ground
19  of newly discovered exculpatory evidence).

20  The scope of a Section 2255 waiver may be subject to potential limitations.  For
21  example, a defendant's waiver will not bar an appeal if the trial court did not satisfy
22  certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure
23  that the waiver was knowingly and voluntarily made.  Navarro-Botello, 912 F.2d at 321.
24  Such a waiver might also be ineffective where the sentence imposed is not in accordance
25  with the negotiated agreement, or if the sentence imposed violates the law.  Id.; United
26  States v. Littlefield, 105 F.3d 527, 528 (9th Cir. 1996).  In addition, a waiver may be

27

28  [1] On June 16, 2008, petitioner filed a separate motion seeking a reduction in her sentence pursuant to 18 U.S.C. § 3582, which has also been fully briefed.  *See* Docs. # 34-38.  That motion will be addressed by separate order.

07cv2228; 06cr2151

"unenforceable" and may not "categorically foreclose" a defendant from bringing Section 2255 proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of the waiver.  <u>Washington v. Lampert</u>, 422 F.3d 864, 871 (9th Cir. 2005); <u>Abarca</u>, 985 F.2d at 1014; *see also* <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1992).

This Court has conducted an independent review of the record, and finds that the plea agreement, including the waiver of the right to appeal and collateral attack, was entered knowingly and voluntarily.  It is undisputed that the plea agreement contains a waiver of collateral attack.  The plea agreement explicitly states:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

Doc. # 19 at 13.  The plea agreement also contains a provision certifying that petitioner read the agreement, discussed it with her attorney, and fully understood its meaning and effect.  <u>Id.</u> at 14.  Additionally, at the sentencing hearing, petitioner indicated that she waived her right to appeal or collaterally attack the conviction.  *See* Doc. # 26; Doc. # 32-2, Exh. A at 6, 10-13, 18.  This Court finds, based on a careful review of the record presented, that petitioner's guilty plea, which included a waiver of the right to collaterally attack her conviction and sentence, was entered knowingly and voluntarily.

Furthermore, the 41 month sentence imposed by the Court was in accordance with the plea agreement and does not violate the law.  The plea agreement specifically stated petitioner waived her right to appeal or collaterally attack her sentence unless the Court imposed a sentence greater than the high end of the guideline range.  Petitioner was sentenced to the low end of the guideline range, calculated as between 41 and 51 months.  *See* Doc. # 32-2, Exh. C at 5.  Lastly, although petitioner presents a challenge based on allegations that she was afforded ineffective assistance of counsel, petitioner does not claim she was afforded ineffective assistance of counsel during plea negotiations that might affect

07cv2228; 06cr2151

1   the voluntariness of her waiver.[2]  *See* <u>Lampert</u>, 422 F.3d at 871.  Thus, this Court finds

2   that none of the recognized limitations to petitioner's waiver of the right to bring a Section

3   2255 motion are present in this case.  Accordingly, the collateral attack waiver provision

4   in petitioner's plea agreement will be enforced.

### CONCLUSION AND ORDER

6        Based on the foregoing, **IT IS HEREBY ORDERED** that petitioner's motion to

7   vacate, set aside, or correct sentence [doc. # 28] is **DENIED.**

9   DATED:        February 6, 2009

11  JOHN A. HOUSTON
    United States District Judge

---

[2] Petitioner claims her counsel was ineffective because (1) counsel did not represent her after she plead guilty; (2) counsel did not provide her with documents; and (3) counsel did not advise her of her sentence or the presentence report.  *See* Doc. # 28 at 14-19.  This Court finds that none of these allegations challenge counsel's assistance during plea negotiations that might affect the voluntariness of petitioner's waiver of collateral attack.

4